**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISON**

**RODNEY L. NANCE, SR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:22-CV-P164-JHM**

**MAYFIELD PLAZA APARTMENTS MANAGEMENT et al.** **DFENDANTS**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Rodney L. Nance, Sr., initiated this *in forma pauperis* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

**I. MOTION FOR APPOINTMENT OF COUNSEL**

Before turning to the initial review, the Court considers Plaintiff's motion for appointment of counsel (DN 8). Plaintiff, who is incarcerated in Tennessee, states that he needs a *pro bono* lawyer to help him with his case because he does not know anything about constitutional law. "Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) ("[T]here is no right to counsel in prisoner civil rights cases."). Under 28 U.S.C. § 1915(e), "[t]he court *may* request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). It is a matter "'within the discretion of the court,'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)), and "'is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of

case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel and a review of the documents filed by Plaintiff reveals that he is sufficiently articulate and able to present his case to the Court. Moreover, Plaintiff does not show how his circumstances are different than other incarcerated plaintiffs. *See, e.g.*, *Berry v. Mays*, No. 3:17-CV-01033, 2018 WL 11467312, at *1 (M.D. Tenn. Jan. 24, 2018) (finding no exceptional circumstances where prisoner was indigent and stated that he needed appointed counsel to present his federal constitutional claims); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (finding no exceptional circumstances where inmate asserted that he was untrained in the law). For these reasons, the Court finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel.

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 8) is **DENIED**.

## II. STATEMENT OF CLAIMS

The Court now turns to initial review of the complaint. Plaintiff titles his complaint "Violation of Due Process of Law Constitutional Violation Title VII; 14th Amendment." He names as Defendants Emily James and the "Mayfield Plaza Apartments Management" located in Mayfield, Kentucky.

Plaintiff states that he was released from the Kentucky Department of Corrections on December 1, 2021, and began residing with his fiancée and their five-year old son at the Plaza

Apartments. He alleges that in July 2022 the Mayfield Police Department (MPD) came to the Plaza Apartments to speak to Plaintiff about Alexander Smith, also Plaintiff's son, concerning a burglary the night before. Plaintiff states that, although he was not there at the time, he called the MPD back per their request and assured the MPD he would call if Smith contacted him.

According to Plaintiff, the MPD later went back to the Plaza Apartments and talked to Defendant James about why they had come to Plaintiff's residence. Plaintiff states, "I took it that Ms. Emily James did a background check on me and looked into my past history which led to her sending a letter to my fiancée threatening to evict her and our 5 yr. old son if I was seen back at the apartment." Plaintiff explains that he called Defendant James after she sent the letter threatening eviction and was told that she had sent it because he was a convicted felon living on U.S. Department of Housing and Urban Development (HUD) property. According to Plaintiff, other convicted felons have signed leases and live on the property.

Plaintiff requests compensatory damages.

## III. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992). Standing is central to the "case-or-controversy" requirement of Article III, § 2 of the U.S. Constitution. *Juidice v. Vail*, 430 U.S. 327, 331 (1977). Even if the parties have not raised the issue, a court is "obligated to consider the issue sua sponte, if necessary." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 488 n.4 (1980) (Rehnquist, J., dissenting); *see also Juidice*, 430 U.S. at 331. To satisfy the requirement for standing, Plaintiff must show that: 1) he suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent; 2) the injury is fairly traceable to the challenged action of Defendants; and 3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Env'l Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61).

It is clear from the complaint that Plaintiff's fiancée received the letter threatening eviction, not Plaintiff, and nothing in the complaint indicates that Plaintiff was a lessee of an

apartment at the Plaza Apartments. As such, he does not have standing to bring a claim related to the letter threatening eviction.[1]

Reading the complaint liberally, Plaintiff also appears to allege that he is no longer allowed on the property and cites to the Fourteenth Amendment. In *Thomas v. Shipka*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. Because Plaintiff has no cause of action directly under the Constitution, *see Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989); *see also Smith v. Kentucky*, 36 F.4th 671, 674 (6th Cir. 2022), the Court construes Plaintiff's Fourteenth Amendment claim as being brought under § 1983. *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Here, Defendants – the management of an apartment complex – are private actors.

In order for the conduct of a private party to be considered under the color of state law for purposes of § 1983, the conduct of the party must be "fairly attributable to the State" under one

[1] Nor can Plaintiff, as a non-lawyer, bring a claim on behalf of his fiancée or his minor son. Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" That statute, however, "does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Rayner v. Rees*, No. 3:07-CV-P124-S, 2007 WL 2258835, at *1 (W.D. Ky. July 31, 2007) (providing that "the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children . . . in § 1983 proceedings before a federal court").

of three narrow tests. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The first is the symbiotic relationship test, or nexus test, which asks whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357-58 (1974). Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *see generally Lugar*, 457 U.S. at 936–39 (discussing three tests).

The complaint makes no allegations that Defendants should be considered state actors under any of the three tests set forth above, and nothing suggests that by managing an apartment complex, even one that participates in a HUD program, a private party is transformed into a state actor. *See Bowman v. Skyview Apartments*, No. 3:07-0417, 2007 WL 2692137, at *1 (M.D. Tenn. Sept. 12, 2007) (dismissing § 1983 Fourteenth Amendment claims brought following eviction from HUD property where plaintiff did not allege that defendants were state actors or had any connection with government); *Benford v. Smith*, No. 04-337, 2005 WL 1325003, at *3, (E.D. Tenn. June 3, 2005) (finding that private landlords participating in the HUD's Section 8 housing program are not considered state actors and thus cannot be liable under § 1983); *see also Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding landlords are not state actors). Plaintiff, thus, fails to state a Fourteenth Amendment claim.

Plaintiff also refers to "Title VII" in his complaint. Title VII of the Civil Rights Act pertains to discrimination in employment. The Court will assume that Plaintiff means to invoke Title VIII, the Fair Housing Act (FHA). "The [FHA] prohibits discrimination against 'any

person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith[ ]' on the basis of that person's race, color, religion, sex, familial status, national origin, or handicap." *Santiago v. Chill*, No. 3:21-CV-720-RGJ, 2023 WL 2355903, at *4 (W.D. Ky. Mar. 3, 2023) (quoting 42 U.S.C. § 3604(b), (f)).

Here, it is clear that Plaintiff is not a lessee of the Plaza Apartments, nor does he allege that he attempted to rent or buy an apartment there. Rather, according to the complaint, he moved in with his fiancée after he was released from prison. Additionally, Plaintiff's status as a felon is not a class protected by the FHA. As such, Plaintiff also fails to state a claim under the FHA.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: June 5, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009